BRIDGES, P.J.,
for the Court.
¶ 1. Jeff Boone filed his initial complaint in the Circuit Court of Lamar County, Mississippi, and Hercules, Inc.’s motion for summary judgment was granted after the completion of discovery. Boone was allowed to supplement his complaint and offerings of proof by the trial judge but a second summary judgment was granted.
¶ 2. This Court will not rely on the brief and reply brief of Jeff Boone for this appeal due to Boone’s failure to comply with the proper format as specified under Rule 28(c) of the Mississippi Rules of Appellate Procedure and his failure to cite any legal authority whatsoever supporting his arguments as required under Jones v. Howell, 827 So.2d 691, 702(¶ 40) (Miss.2002). This Court will consider the issues on appeal of its own accord and rely upon its own legal analysis of those issues. Boone’s appeal is now considered on the following issue:
STATEMENT OF THE ISSUES
¶ 3. Hercules, in disagreement with the numerous and varied issues appealed by Boone in his pro se brief, submitted a singular issue for the court to consider on appeal as allowed under Rule 28(b) of the Mississippi Rules of Appellate Procedure. This court will consider the singular issue raised by Hercules.
I. WHETHER THE TRIAL COURT’S ORDER GRANTING HERCULES SUMMARY JUDGMENT SHOULD BE AFFIRMED?
FACTS
¶ 4. Boone and Hercules had entered into numerous harvesting contracts over the course of their business relationship. Boone brought a breach of contract action against Hercules after Hercules failed to give the stumps and pinewood hauled in by Boone the highest possible grade. The price per load is determined by the grade level of the load. Pursuant to the contract entered into by the parties, the determination of the grade can be done by either a visual inspection method or by reliance on the rosin content. Boone claims the determination of the load’s grade by visual inspection is inaccurate and should be discredited by the court.
¶ 5. Boone was represented by counsel at all times until the filing of this appeal. The first motion for summary judgment was granted in favor of Hercules because the contract terms between the parties were clear and unambiguous and Boone *732 could not establish proof of a contract breach. The trial court allowed Boone an additional sixty days to secure expert testimony establishing a question of fact. After this additional time Boone filed two affidavits and amended his complaint.
¶ 6. The trial court did not find the amendments by Boone sufficient to establish or create a genuine issue of material fact primarily because one of Boone’s affi-ants was a disgruntled ex-Hercules employee who was indicted for defrauding it. Therefore, the second motion for summary judgment was granted in favor of Hercules.
ANALYSIS
¶ 7. In reviewing orders of summary judgment, this Court proceeds de novo. Cities of Oxford v. Northeast Miss. Elec. Power Ass’n, 704 So.2d 59, 64(¶ 10) (Miss.1997). If the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law, this Court will not reverse. M.R.C. P. 56.
I. WHETHER THE TRIAL COURT’S ORDER GRANTING HERCULES SUMMARY JUDGMENT SHOULD BE AFFIRMED?
¶ 8. The trial judge in his order held the terms of the contract to be unambiguous, that Boone failed to prove a breach occurred and that Boone failed to prove any actual damages other than speculative damages. The judge reasoned that according to the proof given by Boone the jurors would have to determine all loads delivered to Hercules by Boone would have to be “A-grade” in order for there to be actual damages. Boone presented no evidence of the grade of his loads of stumps but would require the jury to infer this in conjunction with their finding Hercules did not assign grades to the stumps in good faith.
¶ 9. The requisite proof for determining damages is that “they may be recovered only where and to the extent that the evidence removes their quantum from the realm of speculation and conjecture and transports it through the twilight zone and into the daylight of reasonable certainty.” Sentinel Industrial Contracting Corp. v. Kimmins, 743 So.2d 954, 966-67(¶ 32) (Miss.1999) (citing Wall v. Swilley, 562 So.2d 1252, 1256 (Miss.1990)). “The rule that damages, if uncertain, cannot be recovered, applies to their nature, and not to their extent. If the damage is certain, the fact that its extent is uncertain does not prevent a recovery.” Id. (citing Bill-ups Petroleum Co. v. Hardin’s Bakeries Corp., 217 Miss. 24, 37, 63 So.2d 543, 548 (1953)). Boone’s damages are more than speculative but are also contingent upon the jury’s determination that Hercules did not act in good faith.
¶ 10. Boone does not offer evidence proving the contract between the parties was misconstrued or even inaccurate to the agreed upon terms. The only evidence offered by Boone was the testimony of a disgruntled ex-employee and his opinion that the method of determining the grade was inaccurate, neither of which were sufficient to create a question as to an issue of material fact.
¶ 11. We will not consider any allegations Boone makes against his former attorney, but rather will allow those to be considered with Boone’s complaint to the Mississippi Bar since they have no bearing on the outcome of this case.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*733 KING, C.J., THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY. GRIFFIS, J., NOT PARTICIPATING.